1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RENEE LYNN OKAFUJI,                          No.  2:22-cv-1802 AC

12                   Plaintiff,

13          v.                                      **ORDER**

14    MARTIN O'MALLEY, Acting
      Commissioner of Social Security,
15
                     Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for disability insurance benefits ("DIB") under

20   Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for

22   summary judgment will be GRANTED.

23   ////

24   ////

25   ////

26   ///

27   ───────────────────────
      [1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
28   who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
      York, 476 U.S. 467, 470 (1986).

                                                    1

# I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on June 29, 2018.  Administrative Record ("AR") 168.[2]  The disability onset date was alleged to be January 1, 2017, which was later amended to December 31, 2016.  AR 24, 168.  The application was disapproved initially and on reconsideration.  AR 67-98.  On May 14, 2019, ALJ Matilda Surh presided over the hearing on plaintiff's challenge to the disapprovals.  AR 39 – 66 (transcript).  Plaintiff, who appeared with her counsel Ms. Foss, was present at the hearing.  AR 41.  Susan Allison, a Vocational Expert ("VE"), also testified at the hearing.  Id.  On June 5, 2019, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 22-33 (decision), 34-37 (exhibit list).  Plaintiff appealed this decision to Appeals Council, which denied her appeal on April 13, 2020.  AR 944-959.  Plaintiff then timely filed a complaint in U.S. District Court on September 25, 2020.  AR 944-950.  The case was remanded for a new hearing by the U.S. District Court, per the stipulation of the parties, on March 11, 2021.  AR 956-963.

Ms. Okafuji appeared and testified at a remand hearing on September 20, 2021, again before ALJ Matilda Surh.  AR 897-920.  Plaintiff was represented by counsel Jonathan Omar Pena, and Mark J. Kelman testified as the VE.  AR 897.  The ALJ issued a second unfavorable decision on February 2, 2022.  AR 870-896.  The Appeals Council denied plaintiff's request for review on August 6, 2022.  AR 864-869.  Plaintiff filed this action on October 10, 2022.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 7.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 20 (plaintiff's amended summary judgment motion), 21 (Commissioner's amended summary judgment motion).

# II.  FACTUAL BACKGROUND

Plaintiff was born on in 1962, and accordingly was, at age 55, a person of advanced age under the regulations, at the time she filed her disability application.[3]  AR 168.  Plaintiff has at least a high school education, and can communicate in English.  AR 43.  Plaintiff has work

---

[2]  The AR is electronically filed at ECF No. 12.
[3]  See 20 C.F.R. § 404.1563(d) ("person of advanced age").

1  history in data entry and customer service.  AR 43-45.

2  III.  LEGAL STANDARDS

3      The Commissioner's decision that a claimant is not disabled will be upheld "if it is

4  supported by substantial evidence and if the Commissioner applied the correct legal standards."

5  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

6  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

7  v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

8      Substantial evidence is "more than a mere scintilla," but "may be less than a

9  preponderance."  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

10  evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v.

11  Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the

12  record can constitute substantial evidence, only those 'reasonably drawn from the record' will

13  suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

14  Although this court cannot substitute its discretion for that of the Commissioner, the court

15  nonetheless must review the record as a whole, "weighing both the evidence that supports and the

16  evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Secretary of HHS,

17  846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

18  court must consider both evidence that supports and evidence that detracts from the ALJ's

19  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

20      "The ALJ is responsible for determining credibility, resolving conflicts in medical

21  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

22  Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one

23  which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

24  278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

25  ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

26  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

27  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

28  evidence that the ALJ did not discuss").

3

1   The court will not reverse the Commissioner's decision if it is based on harmless error,

2   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

3   ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

4   2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

5   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

6                                IV.  RELEVANT LAW

7   Disability Insurance Benefits and Supplemental Security Income are available for every

8   eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

9   is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically

10  determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

11  (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

12  The Commissioner uses a five-step sequential evaluation process to determine whether an

13  applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

14  Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

15  process to determine disability" under Title II and Title XVI).  The following summarizes the

16  sequential evaluation:

17           Step one: Is the claimant engaging in substantial gainful activity?  If
             so, the claimant is not disabled.  If not, proceed to step two.
18
    20 C.F.R. § 404.1520(a)(4)(i), (b).
19
20           Step two: Does the claimant have a "severe" impairment?  If so,
             proceed to step three.  If not, the claimant is not disabled.
21  Id. §§ 404.1520(a)(4)(ii), (c).

22           Step three: Does the claimant's impairment or combination of
             impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
23           Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to
             step four.
24
    Id. §§ 404.1520(a)(4)(iii), (d).
25
26           Step four: Does the claimant's residual functional capacity make him
             capable of performing his past work?  If so, the claimant is not
27           disabled.  If not, proceed to step five.

28  Id. §§ 404.1520(a)(4)(iv), (e), (f).

                                        4

1
2

Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

3

Id. §§ 404.1520(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation

5

process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

6

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the

7

sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

8

disabled and can engage in work that exists in significant numbers in the national economy."  Hill

9

v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

10

V.  THE ALJ's DECISION

11

The ALJ made the following findings:

12

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020.

13

14
15

2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2016 through her date last insured of December 31, 2020 (20 CFR 404.1571 et seq.).

16
17
18

3. [Step 2] Through the date last insured, the claimant had the following severe impairments: right shoulder impingement syndrome; seronegative inflammatory arthritis; osteoarthritis; lumber degenerative disc disease; mild thoracic degenerative disc disease (20 CFR 404.1520(c)).

19
20
21

4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

22
23
24
25
26
27

5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; she can stand, walk, and/or sit six hours each in an eight-hour workday; she can occasionally climb ladders, ropes, scaffolds, ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl; she can occasionally reach overhead and frequently reach in other direction with the dominant upper extremity; and she can frequently handle, finger, and feel with the bilateral upper extremities.

28

5

1    6. [Step 4] Through the date last insured, the claimant was capable
2    of performing past relevant work as an Order Taker.  This work did
     not require the performance of work-related activities precluded by
3    the claimant's residual functional capacity (20 CFR 404.1565).

4    7.  The claimant was not under a disability, as defined in the Social
     Security Act, at any time from December 31, 2016, the alleged onset
5    date, through December 31, 2020, the date last insured (20 CFR
     404.1520(g)).

6    AR 873-890.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the

7    Act.  AR 890.

8                                    VI.  ANALYSIS

9         Plaintiff alleges that the ALJ erred by (1) failing to support the RFC with substantial

10   evidence of record, and (2) failing to provide clear and convincing reasons for rejecting plaintiff's

11   symptom testimony regarding the limited use of her hands, fingers, and writs.  ECF No. 20 at 6.

12        A.  The ALJ Did Not Err in Supporting the RFC

13        Plaintiff's argument with respect to the RFC centers on the ALJ's treatment of the medical

14   opinion of Dr. Sharma, a consultative examiner.  ECF No. 20 at 15.  With respect to medical

15   opinions, revised regulations apply to claims filed on or after March 27, 2017, which change the

16   framework evaluation of medical opinion evidence.  Revisions to Rules Regarding the Evaluation

17   of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §

18   404.1520c.  The new regulations provide that the ALJ will no longer "give any specific

19   evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the

20   persuasiveness of all medical opinions or prior administrative medical findings from medical

21   sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg.

22   5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

23        The factors for evaluating the persuasiveness of a physician opinion include

24   supportability, consistency, relationship with the claimant (including length of the treatment,

25   frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

26   an examination), specialization, and "other factors that tend to support or contradict a medical

27   opinion or prior administrative medical finding" (including, but not limited to, "evidence showing

28   a medical source has familiarity with the other evidence in the claim or an understanding of our

                                          6

disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required

to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and

consistency are defined in the regulations as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20

C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative

findings "about the same issue are both equally well-supported ... and consistent with the record

... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in

paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth

Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule"

and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or

"clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v.

Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or

inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum,

the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from

each doctor or other source ... and 'explain how [he or she] considered the supportability and

consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b),

404.1520(b)(2)).

Here, Dr. Sharma conducted a consultative examination on November 30, 2021, after the

date last insured. AR 1526-1535. Dr. Sharma noted that plaintiff complained of low back pain

that had been ongoing for several years and had gotten progressively worse. AR 1526. Dr.

1   Sharma noted that plaintiff walked with a limp on the lower right extremity and could not do

2   heal-toe walking, but that she did not use an assistive device to walk.  AR 1528.  Dr. Sharma

3   limited plaintiff to no more than 2 hours of standing and walking in an 8-hour work day.  AR

4   1529.  In a "check the box" opinion attached to the substantive opinion, Dr. Sharma marked that

5   plaintiff is only able to stand and/or walk for no more than 2 hours in an 8-hour workday due to

6   low back pain (AR 1530); and to sit for 30 minutes at one time; stand for 30 minutes at one time;

7   walk for 30 minutes at one time; sit for 30 minutes to six hours in an 8-hour workday; stand

8   and/or walk for 30 minutes to 2 hours in an 8-hour workday due to low back pain and bilateral

9   knee pain.  AR 1531.  Further, Dr. Sharma concluded that plaintiff would be unable to walk a

10  block at a reasonable pace on a rough or uneven surface due to bilateral knee pain.  AR 1535.

11      The ALJ found that Dr. Sharma's opinion was somewhat persuasive and incorporated

12  some of the limitations assessed, but expressly did not adopt Dr. Sharma's opinion "regarding

13  standing and walking, nor his finding of occasionally bending and stooping [because] Dr. Sharma

14  examined claimant eleven months after the expiration of the Date Last Insured.  His observations

15  that the claimant limped and could not heel/toe walk are not consistent with the evidence prior to

16  the Date Last Insured, which consistently notes normal gait."  AR 889.  The ALJ further noted

17  that the back, hip, and knee pain found by Dr. Sharma were conditions that "received scant

18  reference in the record prior to the Date Last Insured, and even the February 2021, treatment note

19  found that [claimant's] hips and knees had normal range of motion without swelling or

20  tenderness, and her spine had no tenderness."  Id.  To support this position, the ALJ cited knee

21  and hip x-rays from April of 2021 which revealed only mild findings and a back MRI from June

22  of 2021 which showed only mild degenerative changes.  AR 889, 1333-34, 1425-26.

23      Plaintiff challenges the ALJ's determination that the limitations assessed by Dr. Sharma

24  with respect to sitting, standing, and walking were not supported by or consistent with the record

25  prior to the date last insured, but plaintiff identifies only occasional instances from the years-long

26  period at issue to support her argument.  For example, plaintiff cites instances of reports of

27  thoracic pain in October 2016 and March 2017 (AR 348, 358, addressed by the ALJ at AR 882),

28  but these complaints appear isolated and subsequent x-rays showed only mild thoracic issues.  AR

1349.  Plaintiff also points to a diagnosis of polyarthritis from November 2016, but this stemmed from an examination of her hands and wrists, not her back, hip, or knees.  AR 351–52.  Plaintiff cites an isolated report of "knee grind" in August 2017 (AR 341), but there were no other reports of knee grind (also called crepitus) until April 2021, after the date last insured, when x-rays showed plaintiff had "mild arthritis."  AR 1320, 1333–34.  These sporadic reports do not undermine the ALJ's conclusion that Dr. Sharma's opinion was not consistent with or supported by the record prior to the date last insured.  The court concludes there was no error.

B.  <u>The ALJ Adequately Supported the Rejection of Plaintiff's Subjective Testimony</u>

Plaintiff asserts that the ALJ erred by failing to directly address her "extensive testimony at both hearings regarding her very particular limitations regarding the use of her hands/fingers/wrists as a result of her polyarthritis which support more restrictive limitations on handling and fingering than the ALJ's limitation to 'frequent.'"  ECF No. 20 at 23.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step process.  First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of the pain or fatigue itself is not required.  <u>Id.</u> (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  <u>Id.</u> (internal citations omitted).  The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."  <u>Id.</u> at 1016.

The ALJ summarized plaintiff's testimony as asserting that she has "severe bilateral hand pain," that she can barely rinse dishes due to wrist pain, that her fingers hurt, writing is difficult,

1   and she cannot hold or grasp things.  AR 882.  The ALJ found that "the claimant's medically

2   determinable impairments could reasonably be expected to cause the alleged symptoms; however,

3   the claimant's statements concerning the intensity, persistence and limiting effects of these

4   symptoms are not entirely consistent with the medical evidence and other evidence in the record

5   for the reasons explained in this decision."  Id.  With respect to plaintiff's writs and hands, the

6   ALJ noted that "[s]welling and tenderness of her hands and wrists has been noted, but she also

7   has been noted to have full range of motion on November 7, 2016 (Exhibit 2F, page 23), full, pain

8   free range of motion November 22, 2016, January 26, 2017 (Exhibit 2F, pages 18, 23), full range

9   of motion on August 24, 2017 (Exhibit 2F, page 12), full, pain free range of motion was noted on

10  June 28, 2018 (Exhibit 3F, page 37), August 2, 2018 (Exhibit 5F, page 74), January 31, 2019

11  (Exhibit 6F, page 101)."  AR 886.  The ALJ also discussed a history of normal imaging, including

12  left wrist MRI dated July 10, 2018 that revealed only mild synovitis, while the right wrist was

13  normal (AR 583) and an MRI of the left wrist dated December 5, 2019 which revealed very mild

14  inflammation of the MCP joints and mild to moderate arthritic changes with joint space

15  narrowing and subcortical marrow edema including at the thumb IP joint, first MCP joint and first

16  CMC joint and STT joints (AR 1122-23).  Id.  Finally, the ALJ referenced an MRI of the right-

17  hand dated October 19, 2020, which revealed stable arthritic changes including chondral thinning

18  and mild synovial enhancement at the thumb IP joint with no new osseous erosions or new areas

19  of synovitis to suggest worsening inflammatory arthropathy.  AR 886, 1149.  Though lack of

20  objective evidence cannot be a sole basis for discounting pain testimony, when "objective

21  medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ

22  may indeed weigh it as undercutting such testimony."  Smartt v. Kijakazi, 53 F.4th 489, 498 (9th

23  Cir. 2022).  The ALJ did not err.

24        As a secondary basis for discounting plaintiff's pain testimony, the ALJ permissibly

25  concluded that plaintiff's pain testimony was not consistent with her discontinuation of pain

26  medication and history of conservative treatment.  AR 887.  The Ninth Circuit has recognized that

27  electing conservative treatment rather than a more tailored treatment program is a sufficient

28  reason to discount a claimant's alleged pain.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th

Cir. 2008).  Here, the ALJ noted plaintiff's explanation that she does not want to be dependent on pain pills, but nonetheless reasonably found that "the degree of pain reported (1000/10) is not consistent with stopping pain medication."  AR 887.  This is another valid basis for discounting plaintiff's allegations of debilitating pain. The undersigned concludes that the ALJ did not err in evaluating plaintiff's subjective testimony.

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 20) is DENIED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 21) is GRANTED; and

3.  The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: March 19, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE